Dylan M. McFarland
Seamus M. Molloy
MCFARLAND MOLLOY & DUERK
283 W. Front Street, Suite 203
Missoula, MT 59802
Telephone: (406) 519-3122
Facsimile: (406) 519-3123
mcfarland@missoulalawyers.com
molloy@missoulalawyers.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JERRY and KARLYN ZIMBELMAN,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVELERS INDEMNITY COMPANY, JOHN DOES 1-5, and CORPORATIONS A-Z,<br><br>Defendants. | Case No. CV 24-51-GF-BMM<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW Plaintiffs, Jerry and Karlyn Zimbelman (collectively "the Zimbelmans"), and for their claim against Travelers Indemnity Company ("Travelers") state and allege follows:

1

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff's claim for Declaratory Relief is presented pursuant to the Uniform Declaratory Judgments Act, Montana Code Annotated § 27-8-101, et. seq. The Zimbelmans seek a declaration from the Court regarding Travelers' obligation to provide coverage for the damages they sustained in relation to a covered flood event on March 2, 2023, at their residence located at 702 S. Delaware Street, Conrad, Montana.

2. Plaintiffs further assert their claim as a Breach of Contract and First-Party Insurance Bad Faith action for Travelers' failure to comply with the terms set forth in the Zimbelmans' homeowners insurance policy issued by Defendant Travelers, and Travelers' failure to comply with Montana law.

### Parties

3. Plaintiffs are, and at all times relevant to the allegations contained within their Complaint, residents and citizens of Pondera County, Montana.

4. Travelers is an insurer authorized to do business in Montana, is organized and incorporated in Minnesota, and whose principal office is in New York City, New York.

5. Travelers is a proper party because it has contracted to insure a Montana resident within Montana and has unreasonably denied claims by Plaintiffs under the Policy.

6. John Does 1-5 and Corporations A-Z are other people or entities, unknown to Plaintiffs at this time, that may be liable to Plaintiffs for the damages sought in this Complaint for Damages and Demand for Jury Trial.

## Jurisdiction and Venue

7. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, as the parties enjoy complete diversity as they are citizens of different states. Additionally, the matter in controversy exceeds $75,000.

8. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper in the Great Falls Division as both the contract and loss occurred in Pondera County, Montana.

## ALLEGATIONS COMMON TO ALL COUNTS

9. Plaintiffs incorporate the foregoing allegations as fully restated herein.

10. The Zimbelmans purchased Homeowner's Policy Number 612833637-653-1 ("the Policy") on October 11, 2022.

11. The Policy period was from October 11, 2022 to October 11, 2023.

12. The premises covered by the policy was a rental property owned by the Zimbelmans, located at 702 S. Delaware Street, Conrad, Montana 59425 (the "Premises").

13. On or about March 2, 2023, the water meter located in the basement of the residence broke, causing thousands of gallons of water to be discharged into the interior of the basement of the Premises.

14. The Zimbelmans reported the claim to Travelers and Claim Number IQH9014 was opened shortly thereafter.

15. Travelers inspected the property on March 9, 2023, and May 5, 2023; the second time with an engineer hired by Travelers.

16. Travelers hired Veritex Companies, LLC, to inspect the property and issue a report for Travelers.

17. The flooding displaced structural columns and beams around the basement and crawlspace, disconnected HVAC ductwork, caused the earthen walls of the basement to collapse and ultimately caused the house to settle.

18. Settlement of the residence caused significant cracking in the sheetrock and walls in the upper living space.

19. On May 30, 2023, Travelers denied the Zimbelmans' claim for damages related to the settlement of their home as Travelers determined:

    a. The basement and floor structure were not constructed in accordance with generally accepted construction standards;

    b. The foundation of the residence was subject to displacement from normal gravity and live loads;

    c. The settlement on the second floor was not atypical for a house 90 years old; and

    d.    Although the rupture of the water meter and subsequent discharge of water was a significant event, the conditions in and around the house were not indicative of this solitary event.

20.    Travelers determined the full cost to replace or repair other building damages it determined were covered under the Policy amounted to $5,030.73.

21.    In the denial letter, Travelers stated, "[o]ur decision is based on information and documentation currently known to us. If you have new information or documentation for us to consider, let us know as soon as possible."

22.    On January 22, 2024, the Zimbelmans provided additional supporting documentation and information to Travelers related to their claim. This information included an affidavit from the previous homeowner, who refuted Travelers' assertion that the degradation of the foundation of the residence had occurred over time or that displacement occurred due to gravity or time.

23.    Plaintiffs also provided their own engineering report that contradicted Travelers' conclusion, to wit:

    a.    The dwelling lawn, front concrete stoop, and perimeter foundation settled due to a water meter leak that overfilled the basement and caused bearing soils to destabilize;

    b.    Interior and exterior finish distress was recent and caused by foundation settling due to a water meter leak that overfilled the basement;

5

    c.    Basement wood walls collapsed after saturation of retained soil became heavier and unstable due to a water meter leak that overfilled the basement; and

    d.    The maintained dwelling was constructed to the standards, guidelines and with materials acceptable at the time it was erected.

24.    Based on the additional documentation and information, Plaintiffs submitted, contemporaneously with that documentation, a Proof of Loss asserting a claimed loss of $221,393.57.

25.    Travelers did not respond to the Zimbelmans' Proof of Loss until counsel became involved. At that time Travelers maintained its May 2023 decision without any discussion of the new information, affidavit, and engineering report provided to it.

26.    Despite repeated requests from Plaintiffs and evidence showing that the requested repair and replacement was necessary, Travelers continues to refuse to pay pursuant to its Policy.

27.    Travelers' refusal to repair or replace Plaintiffs' residence as necessary breaches its contract with Plaintiffs.

28.    As a direct and proximate result of Defendant's conduct, the Plaintiffs have sustained damage, including, but not limited to: out of pocket expenses, loss

of rental income, unrepaired damage to their property, attorney fees, litigation costs, angst or anxiety, inconvenience, and frustration.

## COUNT I (DECLARATORY JUDGMENT)

29. Plaintiffs incorporate the foregoing allegations as fully restated herein.

30. Plaintiffs are entitled to a declaratory judgment that the policy issued by Travelers provides coverage on its face or is otherwise ambiguous, lacks notice of provisions potentially defeating coverage, and violates the reasonable expectations of Plaintiffs.

31. Plaintiffs request a declaration that claims made by Plaintiffs related to indemnification to necessarily remediate, repair, remove or otherwise cleanup the damage done to their residence by water damage covered under the Policy as well as an award of necessary and supplemental relief including the diminution in value of the home as a result of Travelers' unreasonable denial of coverage.

32. Because the Zimbelmans' property damage claims fall within the grant of coverage under the Policy, and no exclusions apply, Travelers has an obligation to pay the Zimbelmans' property damage claim.

33. As a result of Travelers' unreasonable denial of coverage, the Zimbelmans have suffered damages, including a lack of funds necessary to complete repairs, loss of rental income, attorney fees, and litigation costs.

## COUNT II (BREACH OF CONTRACT)

34. Plaintiffs incorporate the foregoing allegations as if fully restated herein.

35. Travelers breached its contract when it failed to indemnify Plaintiffs for their covered damages under the Policy.

36. Travelers' breach of contract caused damages to Plaintiffs. As a result of Travelers' unreasonable actions Plaintiffs have suffered damages including a lack of funds necessary to complete repairs, loss of rental income, attorney fees, and litigation costs.

## COUNT III (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING)

37. Plaintiffs incorporate the foregoing allegations as if fully restated herein.

38. Travelers had a duty of good faith and fair dealing toward the Zimbelmans.

39. Travelers breached its duty of good faith and fair dealing by wrongfully refusing to pay the Zimbelmans benefits for which they had purchased under the Policy.

40. Travelers' breach of its duty of good faith and fair dealing toward the Zimbelmans caused Plaintiffs significant damage including, but not limited to

inconvenience, diminution in value, forced Plaintiffs to find alternative housing, attorney fees, and litigation costs.

## COUNT IV (BAD FAITH)

41. Plaintiffs incorporate the foregoing allegations as if fully restated herein.

42. Travelers unreasonably violated Montana Code Annotated §§ 33-18-201 and 242 when it denied coverage under the Policy and failed to indemnify Plaintiff.

43. Travelers' failure constitutes an unreasonable violation of Montana Code Annotated § 33-18-201 (1), (4)-(6) and (13).

44. During the course of the handling of the Zimbelmans' claim, Travelers has:

    a. Misrepresented pertinent facts or insurance policy provisions relating to coverage at issue;

    b. Refused to pay the Zimbelmans' claim without conducting a reasonable investigation based upon all available information;

    c. Neglected to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Zimbelmans' claims when liability was reasonably clear; and

      d.      Compelled the Zimbelmans to engage in litigation to obtain answers to reasonable questions/clarifications regarding Travelers' position on the scope of coverage and applicable limits under the Policy, if coverage is available.

45.      Travelers' bad faith has caused damages to Plaintiffs.

## COUNT V (PUNITIVE DAMAGES)

46.      Plaintiffs incorporate the foregoing allegations as if fully restated herein.

47.      The Zimbelmans' claim or a portion of their claim arises out of Montana Code Annotated § 33-18-201.

48.      Travelers' conduct in handling the Zimbelmans' claim constituted actual malice.

49.      Travelers had knowledge of facts or intentionally disregarded facts that created a high probability of injury to Plaintiffs.

50.      Travelers acted with conscious or intentional disregard of the high probability of injury to the Plaintiffs or acted with indifference as to the high probability of injury to the Plaintiffs as a result of its acts or omissions.

51.      As such, the Zimbelmans are entitled to an award of punitive damages in amounts to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request the following relief:

1. For Declaratory Relief and a judicial declaration that Travelers has an obligation to pay the full extent of the Zimbelmans' property damage claim, which now includes a claim for diminution in value;

2. For all compensatory damages to be proven at the time of trial, including attorney fees;

3. For pre-judgment and post-judgment interest as permitted by law;

4. Attorney fees and costs of suit necessary to secure coverage;

5. On Counts IV and V, for a determination that Travelers has engaged in Unfair Trade Practices, and an award of actual and punitive damages against it; and

6. Any other relief allowable by law that this Court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all issues so triable.

Respectfully submitted this 16th day of May, 2024.

MCFARLAND MOLLOY & DUERK

By: */s/ Dylan M. McFarland*
Dylan M. McFarland
Attorneys for Plaintiffs